Naoki S. Kaneko (SBN: 252285)
nkaneko@shb.com
Shook Hardy & Bacon, L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

(Additional counsel listed in signature block)

*Counsel for Defendants Bayer HealthCare LLC and Elanco Animal Health Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STEVEN SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, a Delaware Limited Liability Company; ELANCO ANIMAL HEALTH, INC., an Indiana Corporation, and DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No. 2:21-cv-2771<br><br>**DEFENDANTS' NOTICE OF REMOVAL BASED ON CLASS ACTION FAIRNESS ACT JURISDICTION AND DIVERSITY JURISDICTION**<br><br>**JURY TRIAL DEMANDED**<br><br>*[Removed from the San Luis Obispo County Superior Court, Case No. 21CV-0115]*<br><br>[Filed concurrently with Civil Cover Sheet; Notices of Interested Parties for Defendant Bayer HealthCare LLC and Defendant Elanco Animal Health Inc.; Notice of Pendency of Other Actions; Notice of Related Cases]<br><br>Complaint filed: March 2, 2021 |

NOTICE OF REMOVAL                                                               CASE NO. 2:21-CV-2771

# TABLE OF CONTENTS

I. BACKGROUND. ........................................................................................... 1

II. THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D). ..................................................................................................... 2

    A. There Is Minimal Diversity between the Parties. ........................ 2

    B. The Amount-In-Controversy Exceeds $5 Million. ..................... 4

    C. The Class Exceeds 100 Members. .............................................. 7

III. ALTERNATIVELY, THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A). ................................. 8

IV. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL ................................................................ 10

DEMAND FOR JURY TRIAL. ........................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Dart Cherokee Basin Operating Co. v. Owens*,
 574 U.S. 81 (2014)..................................................................................................4

*Exxon Mobil Corp. v. Allapattah Servs.*,
 545 U.S. 546 (2005)................................................................................................8

*Ferrell v. Express Check Adv. of SC LLC*,
 591 F.3d 698 (4th Cir. 2010) ..................................................................................3

*Flores v. Element Materials Tech. Huntington Beach LLC*,
 2021 WL 663124 (C.D. Cal. Feb. 19, 2021) ..........................................................3

*Greene v. Harley-Davidson, Inc.*,
 965 F.3d 767 (9th Cir. 2020) ..........................................................................4, 6, 7

*Gutierrez v. Autowest, Inc.*,
 2009 WL 2736967 (Cal. Super. Ct. 2009)..............................................................6

*In re Bluetooth Headset Prods. Liab. Litig.*,
 654 F.3d 935 (9th Cir. 2011) ..................................................................................7

*Jimenez v. Charter Commc'ns Inc.*,
 2018 WL 5118492 (C.D. Cal. Oct. 19, 2018) ........................................................3

*Johnson v. Columbia Props. Anchorage, LP*,
 437 F.3d 894 (9th Cir. 2006) ..................................................................................9

*Kanter v. Warner-Lambert Co.*,
 265 F.3d 853 (9th Cir. 2001) ................................................................................10

*Lokey v. CVS Pharm., Inc.*,
 2020 WL 5569705 (N.D. Cal. Sept. 17, 2020)..................................................6, 10

*Martin v. Adidas Inc.*,
 2013 WL 12130580 (C.D. Cal. July 8, 2013) ........................................................5

*Poe v. Health Net, Inc.*,
 2019 WL 1150497 (C.D. Cal. Mar. 12, 2019) .......................................................2

*Simmons v. PCR Tech.*,
 209 F. Supp. 2d 1029 (N.D. Cal. 2002)................................................................10

**STATUTES**

28 U.S.C. § 84......................................................................................................................11

28 U.S.C. § 1332.......................................................................................................2, 3, 8, 9

28 U.S.C. § 1441............................................................................................................4, 9, 10

28 U.S.C. § 1446............................................................................................................10, 11

# NOTICE OF REMOVAL

Defendants Bayer HealthCare LLC ("Bayer") and Elanco Animal Health Inc. ("Elanco") (collectively, "Defendants") hereby remove the above-captioned case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court of the State of California for the County of San Luis Obispo to the United States District Court for the Central District of California, Western Division. For the reasons explained below, removal is proper under the Class Action Fairness Act of 2005 ("CAFA") and based on traditional diversity jurisdiction under Section 1332(a). A complete copy of the record from the State Court proceedings is attached hereto as Exhibits A-1 through A-4.

## I. BACKGROUND.

1. On March 2, 2021, Plaintiff Steven Schneider, individually and on behalf of all others similarly situated ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California, San Luis Obispo County, in the case captioned *Steven Schneider v. Bayer HealthCare LLC, et al.*, No. 21CV-0115. (*See* Ex. A-1, Compl.)

2. In the Complaint, Plaintiff alleges that Defendants engaged in deceptive marketing related to the Seresto® flea and tick prevention collar for dogs and cats. (*See id.* ¶¶ 1–2.) According to Plaintiff, Defendants' marketing was misleading because it "impl[ied] the Products are safe" while failing to disclose that Seresto® can supposedly "cause serious injury, seizures, or death to consumers' cat and/or pets." (*See id.* ¶ 47(a).)

3. Plaintiff alleges that Seresto® was initially sold by Bayer and then later by Elanco, following an asset purchase agreement in which Elanco purchased certain Bayer assets. (*See id.* ¶ 18.)

4. Plaintiff intends to seek relief on behalf of the following putative class: "All California resident citizens who, from March 3, 2017 to the present, purchased

one or more of the Defendants' 'Seresto®' brand-named Products at issue herein for household use, and not for resale (the 'Class')." (*See id.* ¶ 30.)

5. Plaintiff asserts claims pursuant to the California Consumer Legal Remedies Act, the California False Advertising Law, and the California Unfair Competition Law. (*See id.* ¶¶ 41–69.)

6. Plaintiff requests, among other things: (a) injunctive relief in the form of an order enjoining Defendants from selling Seresto® with the current labeling, an order requiring Defendants to engage in a "corrective advertising campaign," and an order providing other relief such as "recalling existing Seresto® Products"; (b) actual and statutory damages, including "up to $5,000 for each eligible senior citizen and disabled Class member who purchased Seresto®"; (c) restitution equal to the "amount [the Plaintiff and the class] spent on the Products"; (d) disgorgement of "all monies, revenues, and profits" unlawfully obtained; (e) punitive damages; and (f) attorneys' fees and costs. (*See id.* ¶¶ 50, 58, Prayer for Relief.)

## II. THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D).

7. Under CAFA, a federal district court has original subject-matter jurisdiction when (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant" (also known as "minimal diversity"), (2) the amount "in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (3) there are more than 100 members in the putative class. *See* 28 U.S.C. § 1332(d)(2), (5), (6); *Poe v. Health Net, Inc.*, No. CV 18-9792-R, 2019 WL 1150497, at *1 (C.D. Cal. Mar. 12, 2019). These requirements are satisfied here.

### A. There Is Minimal Diversity between the Parties.

8. Plaintiff alleges that "at all times relevant" he has been a "resident citizen of the state of California." (*See* Ex. A-1, Compl. ¶ 12.) Additionally, the putative class

consists of all "California resident citizens" who purchased Seresto® within a certain time frame. (*See id.* ¶ 30.)[1]

9.  Elanco is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Indiana with its principal place of business in Indiana and, therefore, is a citizen of Indiana for purposes of determining diversity under CAFA. (*See id.* ¶ 17); 28 U.S.C. § 1332(c)(1).

10. Bayer is a limited liability company. For purposes of determining jurisdiction under CAFA, an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). This provision applies to limited liability companies. *See, e.g.*, *Flores v. Element Materials Tech. Huntington Beach LLC*, No. CV 21-275-DMG (Ex), 2021 WL 663124, at *1 (C.D. Cal. Feb. 19, 2021) ("Under CAFA, a limited liability company is 'deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized'") (*quoting* 28 U.S.C. § 1332(d)(10)); *Ferrell v. Express Check Adv. of SC LLC*, 591 F.3d 698, 699, 701–05 (4th Cir. 2010) (explaining based on detailed examination of legislative history that "a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10)").

11. Bayer is now, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in New Jersey. (*See* Ex. A-1, Compl. ¶ 16.) Accordingly,

---

[1] Even if Plaintiff had only alleged residency, rather than citizenship, those allegations should be treated as prima facie evidence of domicile, particularly given that Plaintiff seeks to bring this action on behalf of a putative class of California purchasers. *See Jimenez v. Charter Commc'ns Inc.*, No. CV 18-6480-DOC (RAOx), 2018 WL 5118492, at *3 (C.D. Cal. Oct. 19, 2018) ("As the Ninth Circuit has recognized, 'numerous courts treat a person's residence as prima facie evidence of the person's domicile.'") (citation omitted).

Bayer is a citizen of Delaware and New Jersey for purposes of evaluating diversity under CAFA.

12. The fictitious defendants named as DOES 1 through 100, should be disregarded for purposes of assessing diversity of citizenship. 28 U.S.C. § 1441(b)(1).

13. Thus, minimal diversity exists because at least one plaintiff or putative class member is a citizen of California, and at least one defendant is a citizen of a state other than California (here, the Defendants are citizens of Indiana, Delaware, and New Jersey).[2]

### B.     The Amount-In-Controversy Exceeds $5 Million.

14. Where, as here, a complaint does not allege a specific amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). For removals under CAFA, a defendant may satisfy this requirement by "plausibly" alleging that it is "reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).

15. Here, Plaintiff's allegations make it reasonably possible that Defendants' potential liability exceeds $5 million.

16. Plaintiff first requests "actual and statutory damages," and further claims he intends to seek "up to $5,000 for each eligible senior citizen and disabled Class member who purchased Seresto® cat and/or dog pets [sic] as provided for under § 1780(b) of the CLRA." (*See* Ex. A-1, Compl. ¶ 50.) The Complaint confirms that this requested relief includes a full refund of all amounts spent on Seresto® since March 2017 by Plaintiff and the putative class of all California resident citizen purchasers of

---

[2] Minimal diversity would still exist even if Bayer's citizenship were analyzed based on the traditional rule that a limited liability company shares the citizenship of its members. As explained below, under traditional diversity rules, Bayer is a citizen of Delaware, New Jersey, Pennsylvania, and the Netherlands.

Seresto®. (*Id.* ¶ 58 (alleging that "Plaintiff and members of the Class" are entitled to "restitution in the amount they spent on the Products"); *id.* ¶ 69 (seeking "an order for the restitution of all monies from the sale of Seresto® Products").)

17. Taken alone, these allegations seeking a full refund of California Seresto® sales since 2017 demonstrate that Defendants' potential liability exceeds $5 million.[3] Between March 2017 and March 2021, Defendants have sold more than 2.5 million units[4] of Seresto® in the State of California (including online sales to California). The average retail price for Seresto® in California during this time exceeded $40. Thus, the costs of providing full reimbursement to Plaintiff and putative class members could exceed $100 million. It is thus reasonably possible that Defendants' potential liability exceeds $5 million. *See, e.g.*, *Martin v. Adidas Inc.*, No. CV 13-00188 GAF (CWx), 2013 WL 12130580, at *2 (C.D. Cal. July 8, 2013) (holding jurisdictional minimum satisfied where provided information on total retail sales of products at issue).

18. Plaintiff's other requests for relief further confirm the satisfaction of the amount-in-controversy requirement. For example, he seeks an order enjoining Defendants from ceasing to sell Seresto® with the challenged labeling. (*See* Ex. A-1, Compl., Prayer for Relief.) Elanco, the company that currently sells Seresto®, does not use any state-specific packaging. Accordingly, to comply with Plaintiff's requested relief, Elanco would be forced to change all the labeling on the Seresto® products nationwide. This would require Elanco to develop the new packaging, obtain the relevant approvals from the EPA, print the packaging, and then package and ship the new product—all during the COVID-19 pandemic. During this time frame, Elanco would be unable to sell the Seresto® product and would cause Elanco to lose nationwide revenue for many weeks. Plaintiffs' requests for a product recall and corrective

---

[3] Indeed, even allegations based on a partial refund theory would still exceed the jurisdictional minimum.

[4] Because Seresto® is sold in both one-collar and two-collar packages, "units" of Seresto® is not equivalent to collars.

advertising campaign would further increase Elanco's costs of complying with an injunction. This is sufficient to plausibly allege that the amount-in-controversy is satisfied here. *See, e.g.*, *Lokey v. CVS Pharm., Inc.*, No. 20-cv-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020) (exercising CAFA jurisdiction where complying with an injunction would entail "removing the product from shelves and warehouses, destroying existing inventory, developing new packaging, replenishing the inventory, and changing the product's marketing and advertising scheme").

19.  In addition, Plaintiff seeks punitive damages. To evaluate whether potential liability for punitive damages exceeds the jurisdictional minimum, a defendant may "cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." *Greene*, 965 F.3d at 772. Juries analyzing CLRA claims have awarded punitive damages at ratios of 2:1 in the past. *See, e.g.*, *Gutierrez v. Autowest, Inc.*, No. CGC05317755, 2009 WL 2736967 (Cal. Super. Ct. 2009) (defendant ordered to pay punitive and compensatory damages for CLRA violation in a ratio of 2:1). Here, even assuming a conservative 1:1 ratio for compensatory and punitive damages, Defendants' potential liability for punitive damages exceeds $100 million based on the estimated monetary damages noted above. *See Greene*, 965 F.3d at 772 (defendant satisfied amount-in-controversy requirement by citing prior cases where "juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA").

20.  Finally, Plaintiff seeks attorneys' fees and costs. (*See* Ex. A-1, Compl., Prayer for Relief.) Plaintiff's counsel reported the following hourly rates in September 2020:

| Jeffrey Krinsk | $750/hour |
| John J. Nelson | $400/hour |

(*See* Ex. 1, 9/2/20 Mot. for Att'ys Fees, Decl. of J. Krinsk at 5, *Clay v. Cytosport, Inc.*, No. 3:15-cv-00165-L-AGS (S.D. Cal.), Dkt. No. 239-7.) These rates were reported in

a class action case like this one involving an allegedly mislabeled consumer product. (*See* Ex. 2, 10/29/20 Order at 1, *Clay*, Dkt. No. 245.) Class counsel in that case spent 5,532.6 hours litigating the case, which the court stated was "reasonable." (*See id.* at 7.) In ruling on attorneys' fees, the court concluded that $502.67 was a reasonable average hourly rate, leading to a lodestar of $2,781,066. (*See id.*) The Court also awarded $265,902.66 in costs. (*See id.* at 8.) If the same resources are expended in this case, the attorneys' fees and costs alone would exceed $3 million—even without any type of lodestar multiplier.

21. Additionally, in that same case, Plaintiff's counsel sought fees in an amount equal to 33.3% of the settlement fund. (*See* Ex. 1, Mot. at 1, Dkt. No. 239.) It is thus reasonable to expect that Plaintiff's counsel will seek at least 25% of any settlement or damages award in this case, potentially totaling $25 million based on the above analysis. *See Greene*, 965 F.3d at 774 n.4 ("Based on Harley-Davidson's evidence that Greene's attorney sought 35 percent in a similar case, it is reasonable to assume that Greene's attorney would seek fees equal to 25 percent of the amount in controversy if he were to prevail."); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method.").

22. Plaintiff's requested damages for Plaintiff's alleged injuries are thus potentially well in excess of $5,000,000, exclusive of interest and costs. This satisfies the amount-in-controversy requirement under CAFA. *See* 28 U.S.C. § 1332(d).

**C.    The Class Exceeds 100 Members.**

23. Plaintiff purports to bring this action on behalf of "all California resident citizens who, from March 3, 2017 to the present, purchased one or more of the Defendants' 'Seresto®' brand-named Products at issue herein for household use, and not for resale." (Ex. A-1, Compl. ¶ 30.)

/ / /

24. As noted above, Defendants' sales of Seresto® in California during the relevant time frame exceeded 2.5 million units. Thus, the class as defined likely exceeds 100 members.

### III. ALTERNATIVELY, THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A).

25. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Federal district courts have original jurisdiction over putative class actions when the named parties are citizens of different states and at least one named plaintiff's claim exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005).

26. As noted above, the named Plaintiff is a citizen of California and Defendant Elanco is a citizen of Indiana.

27. Under traditional diversity principles, Bayer is deemed to share citizenship with each of its members. Bayer has nine members with citizenship as follows:

    A. Bayer HealthCare US Funding LLC is a Delaware limited liability company whose sole member is Bayer US Holding LP.

    B. MiraLAX LLC is a Delaware limited liability company whose sole member is Bayer HealthCare US Funding LLC.

    C. Bayer Samson I LLC is a Delaware limited liability company whose sole member is Bayer HealthCare US Funding LLC.

    D. Bayer Samson II LLC is a Delaware limited liability company whose sole member is Bayer HealthCare US Funding LLC.

    E. Bayer Consumer Care Holdings LLC is a Delaware limited liability company with the following members:

        a. Bayer East Coast LLC—the sole common member—is a Delaware limited liability company wholly owned by Bayer US Holding LP.

        b.    Bayer HealthCare US Funding LLC—the sole preferred member—is a Delaware limited liability company whose sole member is Bayer US Holding LP.

    F.    Bayer West Coast Corporation is a Delaware corporation with its principal place of business in New Jersey.

    G.    Bayer Essure Inc. is a Delaware corporation with its principal place of business in New Jersey.

    H.    NippoNex Inc. is a Delaware corporation with its principal place of business in New Jersey.

    I.    Bayer Medical Care Inc. is a Delaware corporation with its principal place of business in Pennsylvania.

28.    As set forth above, the citizenship of the five unincorporated association members of Bayer HealthCare LLC is ultimately traceable to Bayer US Holding LP. This entity is a Delaware limited partnership between Bayer World Investments B.V. and Bayer Solution B.V., each of which is a private company with limited liability incorporated under Netherlands law with its principal place of business in the Netherlands.

29.    Based on the foregoing, Bayer Healthcare LLC is deemed to be a citizen of Delaware, New Jersey, Pennsylvania, and the Netherlands for purposes of federal diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens.").

30.    Because no named party is a citizen of the same state, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a).[5]

---

[5] Again, Plaintiff also names 100 fictitious defendants, identified as Does 1 through 100, of unknown domicile. However, a fictitious defendant's citizenship "shall be disregarded" in assessing a case's removability based upon diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

31. Additionally, removal is proper because no defendant is a citizen of California, the state in which this action is brought. *See* 28 U.S.C. § 1441(b)(2).

32. Finally, the amount-in-controversy for Plaintiff's individual claim exceeds $75,000. "Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Here, Plaintiff seeks relief pursuant to the California Consumer Legal Remedies Act, which authorizes attorneys' fees to a prevailing plaintiff. *See* CAL. CIV. CODE § 1780.

33. As detailed above, even at the lowest billable rates charged by Plaintiff's counsel in a similar matter, the $75,000 jurisdictional minimum would be exceeded by the 189th hour of work. Regardless of whether a class is ultimately certified, Plaintiff's individual claim is likely to require more than 189 hours of attorney time. Thus, the jurisdictional minimum is satisfied. *See Lokey*, 2020 WL 5569705, at *6 (jurisdictional minimum for diversity jurisdiction satisfied where attorneys' fees expected to exceed $75,000).[6]

## IV. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

34. Defendants file this Notice of Removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants" during the state-court proceedings as Exhibit A. *See* 28 U.S.C. § 1446(a).

35. This Court is the United States District Court for the district and division embracing the place where the state court complaint was filed (San Luis Obispo

---

[6] This case is therefore distinguishable from *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001), where the defendant argued that the jurisdictional minimum was satisfied because any potential *class award* of attorneys' fees should be allocated to the named plaintiff. (*Cf.* 10/25/99 Br. of Appellant Pfizer, Inc., *Kanter v. Warner-Lambert Co.*, 1999 WL 33631521, at *37.)

NOTICE OF REMOVAL     10     CASE NO. 2:21-CV-2771

County). As such, it is the appropriate venue for removal. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 84.

36. This Notice of Removal is timely filed. Plaintiff mailed Elanco and Bayer a copy of the Complaint on March 3, 2021 via certified mail. (*See* Ex. 3, as-served Compl.) Service by certified mail extends the thirty-day statutory period set forth in 28 U.S.C. § 1446(b) by 10 days. *See* CAL. CIV. PROC. CODE § 1013 (where a defendant must "make any response within any period . . . prescribed by statute," that period is extended by 10 days for out-of-state defendants served by mail). Accordingly, Defendants' deadline for removal is April 12, 2021.

37. All Defendants join in and consent to the removal. 28 U.S.C. § 1446(b)(2)(A).

38. No previous application has been made for the relief requested herein.

39. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve written notice of this Notice of Removal upon counsel for Plaintiff and file a copy of this Notice of Removal with the Clerk of the Superior Court of California – County of San Luis Obispo.

40. If there are any questions about this removal, or if Plaintiff contests this removal, Defendants respectfully request the opportunity to conduct discovery and present briefing and oral argument in support of removal.

41. By filing this Notice, Defendants do not waive their right to assert any defense or affirmative matter, including without limitation the defenses listed in Fed. R. Civ. P. 12(b) and any other procedural or substantive defenses available to them under state or federal law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a jury trial in this matter.

Date: March 31, 2021

*/s/ Naoki S. Kaneko*
Naoki S. Kaneko (SBN: 252285)
nkaneko@shb.com
Shook Hardy & Bacon, L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

Tarek Ismail (*pro hac vice* Application to Follow)
tismail@goldmanismail.com
Rami N. Fakhouri (*pro hac vice* Application to Follow)
rfakhouri@goldmanismail.com
Laura Sexton (*pro hac vice* Application to Follow)
lsexton@goldmanismail.com
Samuel E. Schoenburg (*pro hac vice* Application to Follow)
sschoenburg@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
Telephone: (312) 681-6000
Facsimile: (312) 881-5191

*Counsel for Defendants*
*Bayer HealthCare LLC and*
*Elanco Animal Health Inc.*