# EXHIBIT A-1

**ELECTRONICALLY FILED**

**3/2/2021 5:53 PM**

FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk (SBN 109234)
jrk@classactionlaw.com
John J. Nelson (SBN 317598)
jjn@classactionlaw.com
Keia James Atkinson (SBN 316649)
kja@classactionlaw.com
501 W. Broadway, Suite 1260
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

*Attorneys for Plaintiff and the Class*

SAN LUIS OBISPO SUPERIOR COURT
BY _____
M. Zepeda, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| Steven Schneider, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>     v.<br><br>Bayer HealthCare LLC, a Delaware limited liability company; Elanco Animal Health, Inc., a Indiana corporation, and DOES 1 through 100, Inclusive,,<br><br>                    Defendants. | Case No. 21CV-0115<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT;<br>(2) VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW; AND<br>(3) VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW;<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Steven Schneider ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, as and for their Class Action Complaint against defendants Bayer HealthCare LLC and Elanco Animal Health, Inc. ("Bayer HealthCare" and "Elanco," respectively, and collectively, "Defendants"), alleges the following based upon personal knowledge as to himself and his own actions, and, as to all other matters, respectfully alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, bring this class action against Defendants for the deceptive practice of marketing and selling their "Seresto®" flea and tick prevention collars (the "Products") to consumers without disclosing that the flea and tick collars contain pesticides and other ingredients that can cause seizures, thyroid gland damage, and death of cat and/or dog pets wearing the Products.

2. Defendants prominently feature on their Product packaging and labels that they are for "dogs of all sizes" and provides "full body protection." In fact, however, the Products' packaging and labeling fail to disclose that the Products active ingredients can cause seizures or death of pets wearing the Products.

3. Defendants manufacture, market, advertise, label, distribute, and sell flea and tick collars for cat and/or dog pets under the brand name Seresto® throughout California, including in San Luis Obispo County through online purchases and throughout retail locations stores within the state.

4. Defendants failed to disclose to Plaintiff the risk of serious injury or death to their pets; in doing so, Defendants deceptively marketed, distributed, and sold the Products to unsuspecting consumers, whose pets suffered injury as a result.

5. Defendants' advertisement and product labeling is deceptive to consumers under the consumer protection laws of California. Defendants have been unjustly enriched as a result of their conduct. For these reasons, Plaintiff seeks the relief set forth herein below.

6. Plaintiff brings this proposed consumer class action on behalf of themselves and all other citizens of California, who, from the applicable limitations period up to and including the present,

- 1 -
CLASS ACTION COMPLAINT

purchased for consumption and not resale any of Defendants' flea and tick Seresto® Products directly or indirectly by or through the Defendants named herein.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, Civil Code § 1780(d), and Code of Civil Procedure §§ 382 and 410.10.

8. This Court has jurisdiction over Defendants because they have conducted and continue to conduct substantial business within California, including, *inter alia*, the promotion, advertising, distribution and sale of the Products at issue herein.

9. Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Plaintiff Steven Schneider purchased Defendants' Products in San Luis Obispo, California, within the applicable statute of limitations and the resulting economic harm and damage occurred in San Luis Obispo County.

10. Having Defendants litigate Plaintiff's claims in California does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. Plaintiff and all Class Members' claims arise in part from conduct Defendants purposefully directed to and occurred in California. On information and belief, Plaintiff alleges that within the applicable statute of limitations for the claims plead herein, Defendants Bayer HealthCare and Elanco's Seresto® Products were distributed, advertised and sold to consumers through hundreds of local and California state-wide retailers in this State. Defendants are thus subject to jurisdiction in California Superior Court.

11. On further information and belief, Plaintiff alleges that Defendants have, and continue to, avail themselves of numerous advertising and promotional materials disseminated throughout California regarding their unsafe Seresto® Products vis-à-vis advertisements and product labeling campaigns specifically intended to reach consumers in California, including but not limited to advertisements on local California television programs, radio broadcasts, product package labeling, advertisements on billboards in California, and advertisements in print and point of sale publications disseminated to consumers in San Luis Obispo county and throughout the State of California.

- 2 -
CLASS ACTION COMPLAINT

Exhibit A-1
-15-

**THE PARTIES**

12.     Plaintiff is, and at all times relevant hereto has been, a resident citizen of the state of California.  Plaintiff Steven Schneider ("Plaintiff") purchased the Seresto flea and tick collars as the primary flea and tick prevention method for his dog Ayshe, a gentle and well-loved Anatolian Shepard, in and or about the Summer of 2020.  Plaintiff purchased the Product for Ayshe to control ticks and fleas that inhabit San Luis Obispo.  Prior to purchasing the Products, Plaintiff reviewed the warnings on the packaging, which did not include any information regarding risk of serious injury, seizures, or death to the cat and/or dog pet when used, which he relied on when deciding to purchase the Products at issue herein and how much to pay for them.  At the time of purchase, and based on the false and misleading claims, warranties, representations, store and other media advertisements, and other marketing by Defendants, Plaintiff was unaware that the Products contained ingredients that could cause injury, seizures, or the death of her pets, and would not have purchased the Product if that was fully disclosed.

13.     In or about August of 2020, Plaintiff began to notice Ayshe, a heretofore perfectly healthy dog, displaying symptoms of a seizure and struggling to walk. Plaintiff was so alarmed at the distress Ayshe was in, he rushed her to an emergency veterinarian and then took her to his personal veterinarian. Both doctors were at a loss over how to explain the sudden manifestation of seizures in an otherwise healthy dog. Ayshe was prescribed anti-seizure nasal spray and Plaintiff noticed repeated, but increasingly milder, symptoms associated with seizures. Shortly after this episode, Plaintiff removed the Seresto collar from Ayshe and replaced it with an organic variety that did not contain harsh chemicals. Since Plaintiff removed the Seresto collar from Ayesha, she has never exhibited the symptoms, or any associated symptoms, that she displayed that terrifying day in August.

14.     Plaintiff has suffered injury as a result of Defendants' actions by paying a premium price for the Product that, in reality, posed a significant risk to the health of her pets beyond what was disclosed.

- 3 -
CLASS ACTION COMPLAINT

15.     As the result of Defendants' deceptive conduct as alleged herein, Plaintiff was injured when he paid the premium purchase price for the Products that did not deliver what was promised. Plaintiff paid these sums on the assumption that the products were safe for his dog Ayshe and would not have paid this money had he known that the Products contained ingredients that created the serious risk of injury, seizures, or death to her pets. Had he been informed of the truth of Defendants' flea and tick collars, Plaintiff would have purchased other products, which did not contain ingredients creating such a risk. Defendants represented to Plaintiff and other Class members their flea and tick collars were safe, but delivered something else entirely, thereby depriving them of the benefit of their bargain. Damages can be calculated through expert testimony at trial. Further, should Plaintiff encounter the Products in the future, he could not rely on the truthfulness of the packaging, absent corrective changes to the package labeling and advertising of the Products. However, if he could rely on the product to keep his dog safe and healthy, he would purchase the product in the future.

16.     Defendant Bayer HealthCare LLC ("Bayer HealthCare"), is a Delaware limited liability company headquartered at 100 Bayer Boulevard, Whippany, NJ 07981, and at all times material was, and remains, a U.S. subsidiary of the German conglomerate, Bayer Aktiengesellschaft ("Bayer AG"). Prior to August 2020, Bayer HealthCare manufactured, distributed, and advertised, inter alia, Seresto® flea and tick prevention collars for cats and/or dogs through retail stores including those in California. At all times material, the manufacturing, distribution, and advertising sale of Seresto® products in North American were performed by Bayer Animal Health, a division of Bayer HealthCare, whose operations were headquartered in Shawnee, Kansas.

17.     Founded in 1954 as part of Eli Lilly and Company, defendant Elanco Animal Health, Inc. ("Elanco") is incorporated in Indiana, and at all times material has maintained its corporate headquarters and principal place of business at 2500 Innovation Way, Greenfield, Indiana.

18.     On or about August 20, 2019, Elanco entered into a Share and Asset Purchase Agreement ("Purchase Agreement") with Bayer AG for the purpose of purchasing certain of Bayer HealthCare's animal health business assets for approximately $5.3 billion in cash and approximately $2.3 billion in Elanco common stock. Included in the animal heal business assets that Elanco purchase

from Bayer were, inter alia, the rights produce, distribute, advertise and sell Bayer's Seresto® brand flea and tick prevention collars for cats and dogs within California and elsewhere in the United States. The transaction for Elanco's purchase certain of Bayer HealthCare's animal health business assets, including Seresto®, closed in August 2020, and the Seresto® products at issue in this Action are currently manufactured in an Elanco facility located at Colectora Este Ramal Pilar Manuel Alberti, Suite 317, Buenos Aires.

19. At all times material, all of the Seresto® Products at issue herein were manufactured, sourced, marketed, advertised and sold through Elanco, and together with Bayer was directly responsible for the false and deceptive product labeling alleged herein. The true names and capacities of defendants sued herein under California Code of Civil Procedure section 474 as DOES 1 through 100, inclusive, are presently unknown to Plaintiff, who therefore sue these defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these DOE defendants' true names and capacities when they are ascertained. Each fictitiously named defendant is responsible in some manner for the illegal conduct alleged herein and for the injuries suffered by Plaintiff and the general public as a consequence thereof.

20. Defendants and the DOE defendants named herein have approved, ratified, controlled, directed, had knowledge of, and/or otherwise been legally responsible for all aspects of the wrongful acts and practices of certain DOE defendants and about which Plaintiff complains. A unity of interest exists between Defendants and certain DOE defendants such that justice dictates that any liability created by the acts and/or omissions of one be imposed upon the others who should be held legally and financially responsible for all aspects of the wrongful acts and practices about which Plaintiff complains. Defendants are the alter-ego of certain DOE defendants and, accordingly, liability should be imposed upon the others on that basis.

21. In accordance with California law, each of the Defendants are liable as a direct participant, aider and abettor, co-conspirator, enabler or is otherwise jointly responsible for the improper, unlawful, deceptive, misleading, unfair, and fraudulent acts and practices that Defendants

continue to conduct in this State to the detriment of Plaintiff, Class members and members of the general public of California as well as Defendants' competitors.

22. Together, Defendants jointly formulated, developed, manufactured, labeled, distributed, marketed, advertised, and and sold the subject Products under the trademarked brand name Seresto® throughout California, and in this County, during Class Period (defined below). The advertising, labeling, and packaging for the Products alleged herein, and relied upon by Plaintiff, was prepared, reviewed, and/or approved by Defendants and their agents, and was disseminated by Defendants and their agents through marketing, advertising, packaging, and labeling that contained the misrepresentations alleged herein. The marketing, advertising, packaging and labeling for the subject Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, *i.e.*, Plaintiff and the Classes, into purchasing the subject Products alleged above.

## FACTUAL ALLEGATIONS

23. Defendants formulate, develop, manufacture, label, package, distribute, market, advertise, and sell their Seresto® line of flea and tick collar prevention products across the United States, including the Products at issue herein.

24. Though the Products at issue include numerous warning for both pets and humans, those warnings do not disclose or warn against the Products' tendency to cause serious injury, seizures, or death to pets when the Products are used as intended.

25. The Products at issue herein are available at numerous retail and online outlets in California and are widely advertised in this State. The official websites for Seresto® display the subject Products notes that the Products are for "for pets up to 18 pounds" or "for pets over 18 pounds," thereby implying the Products can be safely used for pets of that size. Likewise, the official websites for Seresto® indicate that the "Bayer Seresto collar helps keep pets healthy."

26. As a result of Defendants' omissions, a reasonable consumer (such as the Plaintiff) would, and did, have no reason to suspect that the Products could cause serious injury, seizures, or even death to their pets.

27. However, after multiple media reports reflecting the incidence of pet injury resulting from use of the Products, it is clear that the flea and tick prevention collar Products do, in fact, cause such injuries to the detriment of Plaintiff and other members of the Class they seek to represent.

28. As a result of Defendants' representations and omissions, a reasonable consumer (such as the Plaintiff) would, and did, have no reason to suspect that the Products could cause serious injury, seizures, or even death to their pets.

29. However, after multiple media reports reflecting the incidence of pet injury resulting from use of the Products, it is clear that the flea and tick collar Products do, in fact, cause such injuries to the detriment of Plaintiff and other members of the Class they seek to represent.

Plaintiff brings this action individually and on behalf of all other similarly situated resident consumers within who purchased the Seresto® branded flea and tick prevention collar Products identified in herein, in order to cause the disclosure of risk of serious injury, seizures, or death to pets, to correct the false and misleading perception Defendants have created in the minds of consumers that the Products are safe and contribute positively to pet health and to obtain redress for those who have purchased said Products.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action individually and on behalf of the following class pursuant to California Code of Civil Procedure § 378, on behalf of the following class:

> All California resident citizens who, from March 3, 2017 to the present, purchased one or more of the Defendants' "Seresto®" brand-named Products at issue herein for household use, and not for resale (the "Class").

31. Excluded from the Class are the Defendants, any of their parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

32. This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the members of the Class are easily ascertainable.

33. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

34. Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

(a) whether Defendants owed a duty of care to the Class;

(b) whether Defendants' fail to inform consumers and disclose that the Products carry serious risk of injury, seizures, and death to pet cats and/or dogs;

(c) whether Defendants' representations in advertising and/or labeling are false, deceptive, and misleading;

(d) whether those representations are likely to deceive a reasonable consumer;

(e) whether Defendants had knowledge that those representations were false, deceptive, and misleading;

(f) whether Defendants continue to disseminate those representations despite knowledge that the representations are false, deceptive, and misleading;

(g) whether a failure to disclose that a product can cause serious injuries, seizures, or death for pets is material to a reasonable consumer;

(h) whether Defendants' failure to disclose that a product can cause serious injuries, seizures, or death for pet cats and dogs is likely to mislead, deceive, confuse, or confound consumers acting reasonably;

(i) whether Defendants violated California Business & Professions Code sections 17200, *et seq.*;

(j) whether Defendants violated California Business & Professions Code sections 17500, *et seq.*;

(k) whether Defendants violated California Civil Code sections 1750, *et seq.*;

(l) whether Defendants were unjustly enriched;

35. Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

36. Plaintiff's claims are typical of Class members' claims in that they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct.

37. Plaintiff will fairly and adequately represent and protect the interests of the Class, have no interests that are incompatible with the interests of the Class, and have retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

38. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

39. Questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

40. As a result of the foregoing, Class treatment is appropriate.

## CAUSE OF ACTION I
### (Violations of California's Consumer Legal Remedies Act, California Civil Code §§1750, *Et Seq.*, Against All Defendants)

41. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

42. Plaintiff brings this cause of action individually and on behalf of the other members of the Class.

43. Plaintiff and each proposed Class member are a "consumer," as that term is defined in California Civil Code section 1761(d).

44. The Seresto® Products are "goods," as that term is defined in California Civil Code section 1761(a).

45. Each Defendant is a "person" as that term is defined in California Civil Code section 1761(c).

- 9 -
CLASS ACTION COMPLAINT

46. Plaintiff and each Class member's purchase of Defendants' Products constituted a "transaction," as that term is defined in California Civil Code section 1761(e).

47. Defendants' conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act (the "CLRA"):

(a) California Civil Code section 1770(a)(5), by stating the Products are for "pets above 18 pounds" or "pets below 18 pounds," thereby implying the Products are safe for the same and failing to disclose that the Products can cause serious injury, seizures, or death to consumers' cat and/or pets;

(b) California Civil Code section 1770(a)(7), by representing that the Products were of a particular standard, quality, or grade, when they were of another;

(c) California Civil Code section 1770(a)(9), by advertising the Products with intent not to sell them as advertised; and

(d) California Civil Code section 1770(a)(16), by representing that the Products have been supplied in accordance with previous representations when they have not.

48. As a direct and proximate result of these violations, Plaintiff and the Class have been harmed, and that harm will continue unless Defendants are enjoined from using the misleading marketing described herein in any manner in connection with the advertising and sale of the Products.

49. Pursuant to § 1782(a) of the CLRA, and concurrent with the filing of this complaint, Plaintiff separately notified each of the Defendants through their registered agent for service of process in accordance with § 1770(a)(1) of the particular violations of § 1770 and demanded that Defendants correct, remedy or otherwise rectify the actions described above and give notice to all similarly affected California consumer Class members of their intention to do so.

50. In the event Defendants fail to respond to Plaintiff's demand within 30 days of service of such notice and demand for relief, pursuant to § 1782(d) of the CLRA Plaintiff will filed an amendment to this complaint to seek both injunctive relief and actual damages, plus punitive damages, interest and attorneys' fees jointly against Defendants. Additionally, Plaintiff also seek to recover up

to $5,000 for each eligible senior citizen and disabled Class member who purchased Seresto® cat and/or dog pets as provided for under § 1780(b) of the CLRA.

## CAUSE OF ACTION II
**(Violations of California False Advertising Law, California Business & Professions Code §§17500, *Et Seq.*, Against All Defendants)**

51. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

52. Plaintiff brings this cause of action individually and on behalf of the other members of the Class.

53. California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

54. As set forth herein, Defendants' claims that the Seresto® Products are appropriate for "pets above 18 pounds" or "pets below 18 pounds," thereby implying the Products are safe for the same, are false and likely to deceive the public.

55. Defendants' claims that the Products are for "pets above 18 pounds" or "pets below 18 pounds," thereby implying the Products are safe for the same, are untrue or misleading.

56. Defendants knew, or reasonably should have known, that the claims were untrue or misleading.

57. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase these Products in the future if they can be assured that, so long as the Products are safe.

58. Plaintiff and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Products.

## CAUSE OF ACTION III
**(Violations of the Unfair Competition Law, California Business & Professions Code §§17200, *Et Seq.*, Against All Defendants)**

59. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

60. Plaintiff brings this cause of action individually and on behalf of the other members of the Class.

61. The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

**Fraudulent**

62. Defendants' statements that Seresto® Products are for "pets above 18 pounds" or "pets below 18 pounds," thereby implying the Products are safe for the same, are false and likely to deceive the public.

63. Defendants' failure to warn consumers that the Products create significant risk of serious injury, seizures, or death to a consumer's pet cat and/or dog is likely to deceive the public.

**Unlawful**

64. As alleged herein, Defendants have advertised Seresto® Products with false or misleading claims, such that Defendants' actions as alleged herein violate at least the following laws:

• The CLRA, California Business & Professions Code sections 1750, *et seq.*; and

• The False Advertising Law, California Business & Professions Code sections 17500, *et seq.*

**Unfair**

65. Defendants' conduct with respect to the labeling, advertising, marketing, and sale of Seresto® Products is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

66. Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the False Advertising Law and the CLRA.

- 12 -
CLASS ACTION COMPLAINT

67.     Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one consumer's, themselves, can reasonably avoid.

68.     In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

69.     On behalf of herself and the Class, Plaintiff also seeks an order for the restitution of all monies from the sale of Seresto® Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven Schneider, on behalf of himself and all others similarly situated, prays for judgment against the Defendants as to each and every count, including:

A.      An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.      An order enjoining Defendants from selling the Products in any manner suggesting or implying that they are safe for cat and/or dog pets of any weight, and failing to disclose the risk of serious injury, seizures, or death to consumer's pets;

C.      An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing Seresto® Products;

D.      An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past misconduct;

E.      An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or

1 practice, untrue or misleading advertising, or a violation of the Unfair Competition Law, False Advertising Law, or CLRA, plus pre- and post-judgment interest thereon;

F. An order requiring Defendants to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

G. An order requiring Defendants to pay all actual and statutory damages permitted under the causes of action alleged herein;

H. An order requiring Defendants to pay punitive damages on any cause of action so allowable;

I. An order awarding attorneys' fees and costs to Plaintiff and the Class; and

J. An order providing for all other such equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff Steven Schneider hereby demands a trial by jury on all issues so triable.

DATED: March 2, 2021

Respectfully submitted,

FINKELSTEIN & KRINSK LLP

By: s/ [signature]
Jeffrey R. Krinsk
John J. Nelson
Keia James Atkinson
501 West Broadway, Suite 1260
San Diego, CA 92101-3593
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

*Attorneys for Plaintiff and the Class*

- 14 -
CLASS ACTION COMPLAINT